UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DEJANNE JOHNSON, EVE EPSTEIN-ORTIZ, and SANDRA GAMLIN, individually and on behalf of others similarly situated,

Plaintiffs,

v.

LUMINARY GENETICS f/k/a NEXTGEN GENETICS, LLC; and LUMINARY LIFE SCIENCES, and DOES 1 through 50, inclusive,

Defendants.

Case No.: 3:25-cv-01629-JES-JAC

**ORDER:**

**(1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS;**

**(2) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS AS MOOT; and**

**(3) DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

**[ECF Nos. 23, 24, 35]**

Before the Court are Defendant NextGen Genetics, LLC d/b/a Luminary Genetics, incorrectly named as Luminary Genetics f/k/a NextGen Genetics, LLC's ("Defendant" or "NextGen") Motion to Compel Arbitration and Stay Proceedings ("Motion") and Motion

to Dismiss the First Amended Complaint, both filed on November 4, 2025. ECF Nos. 23, 24.

Plaintiffs DeJanne Johnson ("Johnson") and Sandra Gamlin ("Gamlin") filed this putative class action on behalf of purchasers of Defendant's preimplantation genetic testing for aneuploidy ("PGT-A") services. Plaintiffs filed the First Amended Class Action Complaint, on October 1, 2025. ECF No. 22, ("FAC"). NextGen moved to compel arbitration of Plaintiffs' claims and, in the alternative, to dismiss the FAC under Federal Rules of Civil Procedure (Rule(s)") 12(b)(6) and 9(b). ECF No. 24. Both motions were noticed for hearing on December 12, 2025, fully briefed, and argued at that hearing. ECF No. 31. The Court took both motions under submission.

While those motions were under submission, on March 25, 2026, Plaintiffs moved for leave to file the decision in *M.M., et al. v. Igenomix USA, Inc., et al.*, as supplemental authority bearing on the Motion to Compel Arbitration. ECF No. 35; No. 25-21008-CIV-DIMITROULEAS, 2026 WL 2516749 (S.D. Fla. Feb. 25, 2026). Defendant opposed. ECF No. 36.

For the reasons stated below, the Motion for Leave to File Supplemental Authority is **DENIED**; the Motion to Compel Arbitration is **GRANTED**, and the Motion to Dismiss is **DENIED AS MOOT**.

## I. BACKGROUND

NextGen operates the PGT-A testing service at issue, which is used in connection with in vitro fertilization treatment. FAC ¶¶ 9, 16. Plaintiffs Johnson, a California resident, and Gamlin, a Virginia resident, each underwent PGT-A testing through Defendant. *Id.* ¶¶ 33-34, 291–294, 296–299. Before doing so, each viewed a video on Defendant's website and executed Defendant's "Uniform Patient Consent Form" (the "Consent Form"). FAC ¶¶ 78, 259-60, 292, 298.

The Consent Form contains an arbitration provision, which each Plaintiff initialed:

> I/we acknowledge that any legal controversy, dispute or disagreement arising out of the services provided by NextGen Genetics or any subsidiary thereof shall be settled

> by binding arbitration by the American Arbitration Association, under the applicable Arbitration Rules then in effect. … All disputes shall be decided under the laws of the State of California.

ECF No. 23-3 at 21.

By signing, each Plaintiff agreed to arbitrate covered claims and waived the right to a jury trial or to proceed in court. The provision incorporates the American Arbitration Association's ("AAA") applicable arbitration rules. ECF No. 23-3 at 2-4, ("Cinnioglu Decl.") ¶¶ 5, 7.

The FAC asserts ten causes of action arising from Plaintiffs' purchase of PGT-A: violations of California's Unfair Competition Law (unfair/fraudulent and unlawful prongs) and Consumers Legal Remedies Act; violation of the Virginia Consumer Protection Act; breach of the implied warranties of merchantability and usability; fraud; fraud by concealment; breach of express warranty; and unjust enrichment. FAC ¶¶ 315–430.

Defendant moved to compel arbitration of all ten claims and, in the alternative, to dismiss the FAC in its entirety. ECF Nos. 23, 24.

## II. LEGAL STANDARD

Agreements "evidencing a transaction involving commerce" are subject to the Federal Arbitration Act ("FAA"). *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 2). The FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that ... arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. If the district court finds a party has failed to comply with a valid arbitration agreement, it must issue an order compelling arbitration. *Id.*

Under the FAA, the court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the

dispute at issue." *Chiron Corp.*, 207 F.3d at 1130. "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* However, where the parties have agreed to delegate issues pertaining to scope and enforceability to the arbitrator, the existence of an executed arbitration agreement is the only issue for this Court to resolve. *Henry Schein, Inc. v. Archer and White Sales Inc.*, 586 U.S. 63, 67-68 (2019). Courts must apply ordinary state law principles in determining the validity of an agreement to arbitrate. *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002). Accordingly, arbitration agreements may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability. *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339-41 (2011).

"[P]arties cannot delegate issues of formation to the arbitrator." *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 635 (9th Cir. 2021). However, "[i]t is well-established that some 'gateway' issues pertaining to an arbitration agreement, such as issues of validity and arbitrability, can be delegated to an arbitrator by agreement." *Id.* at 634. "The presence of a delegation clause … limits the issues that a court may decide." *Caremark LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022). "[A] valid—i.e., enforceable—delegation clause commits to the arbitrator nearly all challenges to an arbitration provision." *Id.* at 1029.

## III. DISCUSSION

### A. Motion to Compel Arbitration

#### 1. Defendant Is Not a Non-Signatory

Plaintiffs' central argument is that "Luminary" cannot invoke the Consent Form because it is a non-signatory. ECF No. 28, ("Opp'n"), at 2–6. That argument rests on the case caption, which describes Defendant as "Luminary Genetics f/k/a NextGen Genetics, LLC." But Defendant has submitted the Cinnioglu Declaration, together with its Corporate Disclosure Statement and an accompanying Fictitious Business Name filing on record with the Santa Clara County Clerk-Recorder, showing that "Luminary Genetics" is simply a

registered trade name of NextGen Genetics, LLC—the entity that signed the Consent Form. ECF Nos. 16, 23-3. Plaintiffs have not disputed that evidence.

Because the signatory and the moving party are the same entity, this is not a case about a non-signatory's attempt to enforce someone else's agreement. Plaintiffs' third-party-beneficiary and equitable-estoppel authorities, thus, do not apply. Plaintiffs Johnson and Gamlin each executed a valid arbitration agreement with Defendant, and Defendant may enforce it.

**2. Delegation Clause Reaches Plaintiffs' Scope and Unconscionability Arguments**

The Consent Form incorporates the AAA's rules, including Rule 7(a), which gives the arbitrator authority to decide its own jurisdiction. ECF No. 23-1, ("Mot."), at 9–11; Cinnioglu Decl. ¶¶ 5, 7. That incorporation is clear and unmistakable evidence that the parties delegated arbitrability, including scope, to the arbitrator rather than to this Court. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

Plaintiffs argue, in opposition, that their consumer-fraud claims fall outside the clause because they arise from pre-purchase advertising rather than from "services provided," and that the clause is procedurally and substantively unconscionable. Opp'n. at 7–16. Neither argument is directed at the delegation clause, specifically. They both challenge the arbitration clause, and thus, the underlying agreement, more broadly. Under *Rent-A-Center*, that is not enough: a party resisting arbitration must challenge the delegation provision itself for the court to retain authority over the question. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010). Plaintiffs do not do so, and both the scope and unconscionability arguments, accordingly, belong to the arbitrator. *Id*.

That would be true even on the merits. The FAC does not allege that the Consent Form is unconscionable, and Plaintiffs' Opposition offers no declaration or other evidence about the circumstances of contracting beyond the bare fact that the form was preprinted. *See generally* Opp'n. A party resisting arbitration on unconscionability grounds bears the

burden of showing both procedural and substantive unconscionability, and attorney argument is not evidence. Plaintiffs have not carried that burden.

**3. Plaintiffs Must Arbitrate Individually, and *McGill* Does Not Apply**

An arbitration agreement's silence on class arbitration is not a basis to compel it. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010); *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 189 (2019). The Consent Form does not authorize class arbitration, and the incorporated AAA rules delegate that question to the arbitrator in any event. Plaintiffs must, therefore, arbitrate on an individual basis.

*McGill* is no obstacle, here. *See McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017). *McGill* bars only waivers of the right to seek public injunctive relief. *Id*. The FAC seeks restitution and damages for Plaintiffs' own past purchases. FAC ¶¶ 320, 323, 329, 350. Private, retrospective relief is outside of *McGill's* scope. 2 Cal. 5th 945, 955-56; *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 543 (9th Cir. 2021).

**4. A Stay Is Required**

Defendant requested a stay, not dismissal. Mot. at 18. Where a party requests a stay pending arbitration, Section 3 of the FAA requires the court to grant it, rather than dismiss the action. *Smith v. Spizzirri*, 601 U.S. 472, 475–78 (2024). The Court, accordingly, **GRANTS** Defendant's Motion to Compel Arbitration and Stay Proceedings. Plaintiffs shall arbitrate their claims against Defendant individually, before the AAA's office in San Francisco, California, under the Consent Form's arbitration provision. *See* ECF No. 23-3 at 11, 21. As a result, this Action is **STAYED** pending completion of that arbitration.

**B. Motion to Dismiss**

Defendant's Motion to Dismiss argues that: (1) Plaintiffs lack standing; (2) their claims are barred by the learned intermediary doctrine; (3) the fraud claims are not pled with the particularity Rule 9(b) requires; (4) the U.C.C. claims fail because PGT-A is a service rather than a good; and (5) several claims are time-barred. ECF No. 24-1 at 18, 22, 25, 31. Plaintiffs opposed on each ground. *See generally* ECF No. 27. Because the Court

**COMPELS** arbitration of all ten claims and **STAYS** this Action, it does not reach any of these arguments. These issues—including whether particular claims fall within the arbitration clause's scope—are for the arbitrator to decide in the first instance, or for this Court, if and when the Action returns from arbitration. The Motion to Dismiss **DENIED AS MOOT**.

### C. Motion for Leave to File Supplemental Authority

Plaintiffs' Motion for Leave to File Supplemental Authority is unnecessary. The Court's ruling on arbitration turns on the parties' corporate identity and the delegation clause, not on the scope analysis at issue in *Igenomix*. *See supra* PartIII.A.1–2 Therefore, the proposed authority would not change the outcome. The Court notes, without relying on it, that *Igenomix* is distinguishable in any event, which turned on the *Igenomix* defendants' waiver of any delegation argument and applied Florida law. 2026 WL 2516749, at *5, 10. Neither of which is true here. Mot. at 15-17 (indicating Defendant did raise delegation); ECF No. 23-3 at 11, 21 (showing Consent Form's California choice-of-law clause).

Plaintiffs' Motion for Leave to File Supplemental Authority is **DENIED**. Defendant's accompanying request for $3,000 in fees is **DENIED WITHOUT PREJUDICE.** ECF No. 36 at 4 n.2. A fee request must be presented by separately noticed motion, supported by briefing and evidence of the fees incurred, and Defendant has not done so here. S.D. Cal. Civ. R. 7.1.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) Defendant's Motion to Compel Arbitration and Stay Proceedings is **GRANTED**. Plaintiffs **SHALL** submit their claims against Defendant to binding, individual arbitration before the American Arbitration Association's office in San Francisco, California, under the Consent Form's arbitration provision;

(2) This Action is **STAYED** in its entirety, pending completion of arbitration;

(3) Defendant's Motion to Dismiss is **DENIED AS MOOT**;

(4) Plaintiffs' Motion for Leave to File Supplemental Authority is **DENIED**;

(5) Defendant's request for fees in connection with Plaintiffs' Motion for Leave to File Supplemental Authority is **DENIED WITHOUT PREJUDICE**;

(6) The parties **SHALL FILE** a joint status report on the arbitration proceedings every six months until its conclusion.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Honorable James E. Simmons Jr.
United States District Judge